IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| SHANE McCLANAHAN, <br><br> Petitioner, <br><br> vs. <br><br> WARDEN LEROY KIRKEGARD and ATTORNEY GENERAL OF THE STATE OF MONTANA, <br><br> Respondents. | CV 11–92–M–DWM <br> CV 11–117–M–DWM <br><br><br> ORDER |

## INTRODUCTION

Petitioner Shane McClanahan is a state prisoner proceeding *pro se*. He petitions for a writ of *habeas corpus* under 28 U.S.C. § 2254. Because his petition contained claims challenging two different judgments, two cases were opened before this Court. The first judgment challenged, docketed in Cause No. CV 11–92–M–DWM, concerns a 2002 Montana state court conviction on two counts of attempted deliberate homicide. The second judgment challenged, docketed in Cause No. CV 11–117–M–DWM, concerns a 2006 Montana state court conviction for sexual intercourse without consent. The parties are familiar with the factual and procedural background so they will be recited only as necessary.

-1-

On February 6, 2013, United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on the remaining claims in Petitioner McClanahan's petition. Judge Lynch's Findings and Recommendations address both actions together. Mr. McClanahan was duly served with a copy. 28 U.S.C. § 636(b)(1) specifies a petitioner has 14 days from the filing of a United States Magistrate Judge's Findings and Recommendations in which to file any objections. The Court waited for nineteen days. Mr. McClanahan filed no objections. On February 25, 2013, the Court adopted Judge Lynch's Findings and Recommendations in full and denied a certificate of appealability as to all claims. Judgment was entered the same day.

On March 4, 2013, the Clerk of Court filed a Notice of Appeal, and Mr. McClanahan's appeals were duly processed. Federal district courts, of course, do not review notices of appeal.

On June 14, 2013, the Court of Appeals dismissed Mr. McClanahan's appeals for lack of jurisdiction. The Court of Appeals said:

> A review of the record demonstrates that this court lacks jurisdiction over these appeals because the orders challenged in the appeals are not final or appealable. *See Serine v. Peterson*, 989 F.2d 371, 372-73 (9th Cir. 1993) (magistrate judge's findings and recommendations not appealable; premature appeal not cured by subsequent entry of final judgment by district court). Consequently,

these appeals are dismissed for lack of jurisdiction.

*McClanahan v. Atty. Gen.*, Cause Nos. 13-35156 & 13-35157 (9th Cir. June 13, 2013).

On August 7, 2013, Mr. McClanahan filed in this Court a Motion for Appointment of Counsel with C.O.A. (Doc. 64.) Although Mr. McClanahan asks that his Motion be presented to the "Chief Justice" of the federal court, the document is simply a Motion. Mr. McClanahan states that his appeals were dismissed for lack of jurisdiction. The Court of Appeals' lack of jurisdiction is not apparent on the face of the docket. A closer review of Mr. McClanahan's filings reveals that his Notice of Appeal (doc. 60) is actually titled Objection to Findings and Orders by Magistrate Jeremiah C. Lynch.[1] Although this document was not received by the Court until March 4, 2013, McClanahan represents he submitted it on February 11, 2013. The Court of Appeals likely construed Mr. McClanahan's purported submission of the document on February 11, 2013 as an averment that he deposited the document in the prison mailing system on February 11, 2013. If that is the case, then the prison mailbox rule applies. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). And if the prison mailbox rule applies, then Mr. McClanahan

---

[1] To avoid confusion, this document (doc. 60), is referred to as docketed by the Clerk (Notice of Appeal).

-3-

timely filed Objections to Judge Lynch's Findings and Recommendations. Consequently, it is now necessary to consider the objections to Judge Lynch's Findings and Recommendations Mr. McClanahan presents in his Notice of Appeal (doc. 60) as well as the arguments Mr. McClanahan makes in his Motion for Appointment of Counsel with C.O.A. (doc. 64). *See Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008). Miscellaneous arguments raised in Mr. McClanahan's two most recent filings are considered at the outset of this order, followed by arguments pertaining to the now pending Findings and Recommendations.

## ANALYSIS

### I. Petitioner's objections to the adjudication of his petition by the undersigned and United States Magistrate Judge Jeremiah C. Lynch are without merit.

In his Notice of Appeal, Mr. McClanahan initially questions the jurisdiction of the undersigned and Judge Lynch to hear claims presented in the above-captioned cases. When Mr. McClanahan filed his initial petition for the writ, his case was assigned to the undersigned pursuant to United States District Court for the District of Montana Standing Order DWM-47, *In Re: Assignment of Cases* (Jan. 8, 2007). Mr. McClanahan's petitions were referred upon filing to Judge Lynch pursuant to Local Rule. *See* D. Mont. L. R. 1.10(c), (d), 73.1(a)(1) (Dec. 1,

2010). A litigant's consent is not required to refer non-dispositive matters to a United States Magistrate Judge. 28 U.S.C. § 636(b)(1). Nor is consent required to refer dispositive matters to a United States Magistrate Judge for consideration and submission to an Article III Judge on Findings and Recommendations. *Id.* A consent election was conducted after Respondent filed an Answer, *see* Mailing of Consent (doc. 44), but one or the other party, or both, objected, so the matter was re-referred to Judge Lynch for Findings and Recommendations, *see* Order Referring Case (doc. 45). The case now returns to the undersigned for *de novo* adjudication of the portions of Judge Lynch's Findings and Recommendations to which Mr. McClanahan objects. *See* 28 U.S.C. § 636(b)(1). The Honorable Sidney R. Thomas is a judge on the Ninth Circuit Court of Appeals. The Ninth Circuit Court of Appeals is a distinct entity from this Court, generally charged with hearing appeals from final decisions of the United States District Courts. *See* 28 U.S.C. § 1291 *et seq.* Judges of the Ninth Circuit Court of Appeals play no role in assigning judicial duties within the District of Montana. Assignment of cases to judges of the United States District Court for the District of Montana proceeds according to standing order of the Court. *See* Standing Order DWM-47, *In Re: Assignment of Cases* (Jan. 8, 2007) (directing assignment of cases at the time this action was filed). Mr. McClanahan's objections do not raise a

meritorious issue related to the assignment of this action to Judge Lynch and the undersigned.

## II. Petitioner's challenge to the denial of appointment of counsel in this matter were resolved by prior Order and are without merit.

In his Notice of Appeal, Mr. McClanahan claims is entitled to appointment of counsel to pursue his petitions. Mr. McClanahan previously moved for the appointment of counsel. (*See* doc. 39.) That motion was denied on the grounds that the interests of justice did not require appointment of counsel as there were then no complex legal issues in the case and Mr. McClanahan was found capable of pursuing the action *pro se*. (*See* doc. 40 at 2-3.) Appointment of counsel is only required "when the case is so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)). Judge Lynch's decision to deny appointment of counsel when Mr. McClanahan initially raised the issue is well founded and still justified. Mr. McClanahan's petitions do not present particularly complex legal issues and he has demonstrated he can adeptly present his case *pro se*. The circumstances surrounding this litigation have not changed to make the case so complex that Mr. McClanahan's due process right is in question if he continues *pro se*.

### III. Petitioner's new claim related to his access to a law library is subject to dismissal because it has not been exhausted.

Mr. McClanahan claims in his Notice of Appeal that he has been denied access to a law library. This is a new claim not raised in either petition now before the Court. 28 U.S.C. §§ 2254(b), (c) require a federal district court to dismiss claims raised in a petition for *habeas corpus* that have not been exhausted in state courts. A search of the records of the Montana Supreme Court confirms that Mr. McClanahan has not presented this claim in state courts. He has not affirmatively stated that state remedies for this claim have been exhausted. Therefore, his claim asserting denial of access to a law library is dismissed.

### IV. Petitioner's objections to the denial of claims related to the circumstances of his state appeal are not timely.

In his Notice of Appeal and Motion for Appointment of Counsel with C.O.A., Mr. McClanahan asserts he was denied right to counsel for his state appeals. He avers that his state appeals were handled by attorneys in the employ of Missoula County and his actions were not referred to an independent appellate attorney, in violation of his right to counsel. These claims were initially raised by Mr. McClanahan in ground four of his petition. (*See* doc. 8 at 5.) They were addressed by Judge Lynch, who found that Mr. McClanahan was not entitled to federal relief on these claims as he was not deprived of a state appellate

proceeding in either the homicide case or the rape case. (*See* doc. 36 at 22-25.)
Judge Lynch concluded that, although states are not required to provide direct appeals, the Montana Supreme Court's granted Mr. McClanahan an of an out-of-time appeal on the homicide case and an *Anders* appeal on the rape case. Judge Lynch found no constitutional defect with these appeals and recommended claims raised in ground four of Mr. McClanahan's petition be dismissed. These findings and Judge Lynch's recommendation were filed June 15, 2012. Mr. McClanahan did not object within the fourteen day period prescribed by 28 U.S.C. § 636(b)(1). The findings and the recommendation that this claim be denied were subsequently adopted in full by this Court on July 12, 2012. (*See* doc. 38.) Mr. McClanahan's objections to the denial of claims related to the provision of counsel for his state appeal are not timely asserted and have been addressed by prior Order. Absent cause for reconsidering the Court's earlier decision, they will not be relitigated at this time.

V. **Petitioner's challenges to the circumstances of his arrest and the use of his statements to law enforcement lack merit.**

Mr. McClanahan's petition challenges the circumstances of his arrest and statements he made to law enforcement officials. He contends his arrest in the homicide case was illegal and statements made to officers at the time of his arrest

were taken and used against him at trial in violation of his rights under the Fourth and Fifth Amendments. Judge Lynch considered these claims and the state's answer. He found the claims to lack merit and recommended they be denied. On *de novo* review, Judge Lynch's findings and recommendations are adopted in full.

As to his arrest, Mr. McClanahan does not present a detailed objection to Judge Lynch's finding that his arrest was not violative for the Fourth Amendment and recommendation that his claim stemming from the circumstances of his arrest be denied. Officers went to Mr. McClanahan's home the night of the events of the homicide case because witnesses at the scene identified him as the person who committed the crime. They also said Mr. McClanahan drove a white Izuzu Trooper. When officers went to Mr. McClanahan's home, he willingly exited and spoke to the deputies prior to his arrest. Officers saw Mr. McClanahan was injured. They identified a white Izuzu Trooper at his home. They noticed that the grill to the vehicle was warm. These facts coalesce to support the conclusion that the officers acted on probable cause when they arrested Mr. McClanahan. While the probable cause standard is not subject to precise definition or quantification, it is grounded in the practical circumstances of the arrest, demanding a reasonable belief that the person searched or seized is guilty. *Maryland v. Pringle*, 540 U.S. 366, 370-71 (2003). From these facts it is fair to surmise that the officers had a

reasonable ground to believe that Mr. McClanahan was guilty of homicide.

Mr. McClanahan's allegation that the circumstances of his arrest violated his Fourth Amendment right to be free from unreasonable search and seizure is without merit. Furthermore, the writ of *habeas corpus* is not available where a state prisoner had a full and fair opportunity to litigate his Fourth Amendment claims in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Mr. McClanahan has not represented he had a less-than-fair opportunity to raise objections to the circumstances of his arrest in state court. Accordingly, this claim is barred by *Stone*. Judge Lynch's Findings and Recommendations are adopted in full and Mr. McClanahan's Fourth Amendment claim is denied.

Mr. McClanahan contends his statements to officers outside of his home were taken under coercion. Judge Lynch considered this claim and the state's answer. He found the claim to lack merit and recommend it be denied. Mr. McClanahan's recent filings indicate his statements to the officers preceding his arrest were taken by exploiting his injuries and after he invoked his Fifth Amendment protection from self-incrimination. These objections challenge Judge Lynch's findings and recommendation. On *de novo* review, it is clear that Mr. McClanahan's statements were not coerced or derived by exploiting his injuries. Judge Lynch's findings and recommendations as to his Fifth Amendment claims

are adopted in full and his claims are accordingly, denied.

The statements Mr. McClanahan made to officers took place after officers noted his injuries and after he indicated he was not in need of immediate medical attention. There is no evidence in the record that he requested medical assistance prior to, or at the time of his arrest. There is similarly no factual basis for Mr. McClanahan's claim in his Motion for Appointment of Counsel with C.O.A. that he expressly invoked his Fifth Amendment rights at any time during his interaction with the officers. All of the evidence indicates that Mr. McClanahan willingly and voluntarily exited his home and spoke to officers prior to his arrest. There is no factual support for the claim that his statements to officers were obtained by exploitation or coercion, or over his invocation of his Fifth Amendment right.

Mr. McClanahan's recent filings do not raise any issue related to Judge Lynch's findings on the state's purported violation of an order *in limine* at trial. Since no objections were lodged to these findings, they are subject to clear error review. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). There is no apparent error in Judge

Lynch's conclusion that even if the state violated the order *in limine*, there is no indication that such an act violated Mr. McClanahan's right to a fair trial.

VI. **Petitioner's challenge to the effectiveness of trial counsel in his homicide case fails to shows neither unreasonable performance of counsel nor prejudice.**

Mr. McClanahan's petition challenges the conduct of his trial counsel. He argues that his counsel's decision not to interview or seek testimony from his medical doctor rendered his trial counsel's assistance ineffective. Judge Lynch found that Mr. McClanahan failed to present sufficient evidence to support an inference that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for these alleged shortcomings, the result of the trial would have been different. After that finding, Judge Lynch recommended that Mr. McClanahan's claim alleging ineffective assistance of counsel at his homicide trial be denied. Mr. McClanahan does not specifically object to these conclusions in his recent filings. He provides a bare recitation that his counsel was ineffective but does not provide a warrant for that argument. (*See* doc. 64 at 2.) He claims his trial counsel refused to answer his questions, refused his telephone calls, and otherwise acted unprofessionally. (Doc. 64 at 3.) None of these allegations challenge the specific findings and recommendations Judge Lynch entered as to the effectiveness of the representation

afforded Mr. McClanahan in state court. Even so, this portion of Judge Lynch's report is reviewed *de novo*.

After such review, I conclude Judge Lynch's findings that trial counsel's performance did not fall below an objective standard of reasonableness is well-founded. Judge Lynch's conclusion that Mr. McClanahan was not prejudiced by trial counsel's performance is uncontested and beyond dispute. Mr. McClanahan concedes that his physician could only speak to his back and ankle wounds. Such testimony would have been futile to his case, as there was no real dispute as to how he sustained those injuries. Mr. McClanahan has not demonstrated that the testimony of his physician would have been of such great benefit that it was professionally unreasonable of his trial counsel not to call the physician to testify. Furthermore, he has not made any attempt to show that the jury would have entered an acquittal on either count of attempted deliberate homicide had his trial counsel sought testimony from his physician. Mr. McClanahan's claims of ineffective assistance are without merit. Judge Lynch's Findings and Recommendations are adopted in full on this point and petitioner's claim is denied.

**VII. Petitioner's speedy trial claims as to the rape case are without merit.**

Mr. McClanahan's petition raises a claim that his right to a speedy trial was

-13-

violated in the rape case. He argues the lengthy delay between the charge and trial violated his constitutional right. Judge Lynch found this claim required an answer from the state because it was possible that some periods of delay were not attributable to Mr. McClanahan's conduct. The state, in its Answer, provided briefing on the speedy trial issue raised in the proceedings in state court. There the trial judge concluded that delays in the case were attributable to Mr. McClanahan. In response, Mr. McClanahan argues his attorneys' conduct and alleged misconduct caused delay in the rape case and that this delay should be attributed to the state. Judge Lynch found this argument to ring hollow. The United States rejected the reasoning Mr. McClanahan presented in *Vermont v. Brillon*, 556 U.S. 81, 89-91 (2009), where the court held that delay caused by defendant's counsel is charged to the defendant for speedy trial purposes because the attorney is the defendant's agent when acting on the litigation. Furthermore, Judge Lynch found that Mr. McClanahan has not made a sufficient showing that his trial counsels' failure to ensure he received a speedy trial amounted to ineffective assistance or prejudiced the outcome of his case. Judge Lynch accordingly recommended this claim be denied.

Nothing in Mr. McClanahan's recent filings challenge Judge Lynch's conclusion that the proceedings in the rape case did not violate Mr. McClanahan's

Sixth Amendment right to a speedy trial. Mr. McClanahan restates the objections raised in his petition but does not challenge the facts or legal conclusions on which Judge Lynch based his Findings and Recommendations. Even so, after *de novo* review, I conclude Judge Lynch's finding that there was no violation of Mr. McClanahan's right to a speedy trial based on the Court's reasoning in *Brillion* is sound. I further conclude that Judge Lynch did not err in finding that Mr. McClanahan has not presented adequate grounds for an ineffective assistance of counsel claim based on his speedy trial right. Judge Lynch's recommendation that Mr. McClanahan's speedy trial claims be denied is the correct conclusion from these findings. Accordingly, Judge Lynch's Findings and Recommendations are adopted in full regarding Mr. McClanahan's speedy trial claim.

## VIII. A certificate of appealability and appointed counsel are not warranted in this action.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A Certificate of Appealability should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met if "jurists of reason could disagree with the district court's resolution of the constitutional claims" or

-15-

"conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. McClanahan has not presented a substantial showing of the denial of a constitutional right. His arrest was based on probable cause. His voluntary statements to officers prior to his arrest were not the result of exploitation or coercion. His trial counsel provided professionally reasonable representation. There is no evidence that Mr. McClanahan's trial counsel's decision not to call his physician was of such consequence that the outcome of the trial would have been different had the witness been called. Mr. McClanahan has a fair opportunity to appeal the decision in both the rape case and the homicide case. He has not demonstrated that the delay in the rape case was attributable to anything other than his own conduct or his disagreements with his counsel. There are no questions presenting a colorable constitutional claim. Encouragement of further proceedings is not warranted. Accordingly, a Certificate of Appealability is denied.

Mr. McClanahan seeks appointment of counsel to pursue his case with the Court of Appeals. (*See* doc. 64 at 1.) For the reasons discussed in denying him a Certificate of Appealability, and the analysis in part II *supra* and in prior orders

denying appointment of counsel, (*see* docs. 21, 32, 40, 44), appointed counsel will not be provided to facilitate Mr. McClanahan's appeal.

CONCLUSION

In accordance with the foregoing, IT IS ORDERED that Mr. McClanahan's first claim as to his arrest and statements to officers is DENIED.

IT IS FURTHER ORDERED that Mr. McClanahan's third claim, regarding ineffective assistance of counsel, is DENIED.

IT IS FURTHER ORDERED that Mr. McClanahan's fifth claim, asserting speedy trial claims as to the rape case, is DENIED.

IT IS FURTHER ORDERED that all claims in both cases having been denied on the merits, the state's Motion to Dismiss (doc. 49) is DISMISSED as MOOT.

IT IS FURTHER ORDERED that McClanahan's petitions in both cases (Cause No. 11–92, doc. 8; Cause No. 11–117, doc. 1) are DENIED. The Clerk of Court shall enter judgment by a separate document in favor of Respondents and against Petitioner and close these cases.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED. If Mr. McClanahan wishes to appeal, he must file a Notice of Appeal in this Court, bearing this Court's caption, within thirty days of the entry of this Order.

DATED this 23rd day of August, 2013.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court